```
                  UNITED STATES DISTRICT COURT

                     DISTRICT OF CONNECTICUT


OCTAVIA E. PLESNIK,            :

    Plaintiff,                 :   CIVIL NO. 3:02CV2243(JCH)

    v.                         :

ISBELLA LACY, et al.,          :

    Defendants,                :   AUGUST 6, 2004
```

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 7(a) of the Local Rules of Civil Procedure, Defendants Lacy, Elliott, and Lombardozzi, Postal supervisors sued in their official capacities, submit this memorandum of law in support of their motion to dismiss the Amended Complaint in its entirety because Plaintiff fails to state a claim upon which relief can be granted.

                       STANDARD OF REVIEW

Rule 12(b)(6).  In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept as true the material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor.  See Kaluczky v. City of White Plains, 57 F.3d 202, 206 (2d Cir. 1995) (citing Hill v. City of New York, 45 F.3d 653, 657 (2d Cir. 1995)).  Dismissal of a complaint is inappropriate unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  I. Meyer Pincus & Associates v. Oppenheimer & Co.,

936 F.2d 759, 762 (2d Cir. 1991).

The complaint should be dismissed if, under the facts alleged, the plaintiffs will not prevail on any possible theory. Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000).

Pro Se Litigants. The Court "must construe pro se pleadings broadly, and interpret them 'to raise the strongest arguments they suggest.'" Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)(quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). Nevertheless, the leniency afforded pro se litigants with respect to mere formalities does not relieve them of jurisdictional requirements. See Kelley v. Secretary of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Pro se litigants are not immune from laws and rules of procedure simply on the basis of their pro se status. See, e.g., Constant v. United States, 929 F.2d 654 (Fed. Cir. 1991).

## BACKGROUND

Previous Lawsuit. Plaintiff has sued the Postal Service before. In 1998, a jury sitting in New Haven returned a verdict rejecting Plaintiff's claim that she had been terminated from her Postal employment because of discrimination in violation of the Rehabilitation Act. EXHIBIT A, Judgment, Civ. No. 3:97CV00088(PCD).

This Lawsuit: Original Complaint. This civil action was initiated on December 18, 2002, when the original Complaint was

docketed.  Plaintiff is proceeding pro se.  The defendants were not served until May 10, 2004.  In the meantime, the case was dismissed and reopened at least once.  Plaintiff filed an Amended Complaint on May 12, 2004.

The original Complaint is filed on the Clerk-provided "Civil Rights Complaint" fill-in-the-blank form.  The sections for "Nature of the Case," "Cause of Action," and "Request for Relief" are left entirely blank.  Plaintiff does attach a two-page letter addressed to a Robert J. Barnhart at the EEOC in Washington, D.C..  In the letter, she alleges that after losing her job and moving from Connecticut to Massachusetts, she "wanted to take a postal test for the job opening in USPS, but I was denied because of my record in USPS in Connecticut."  Plaintiff asks for financial assistance for medical needs due to an old on-the-job injury and for help obtaining "another chance" to work for the Postal Service in the Boston, Massachusetts area.  Complaint, attachment at 1.

This Lawsuit: Amended Complaint. The Amended Complaint is also filed on the Civil Rights Complaint form.  Again, the sections for "Nature of the Case," "Cause of Action," and "Request for Relief" are left entirely blank.  As with the original Complaint, Plaintiff checks "42 U.S.C. § 1983" as a jurisdictional basis and she identifies the earlier federal case. There are no factual allegations or cause of action pleaded.

ARGUMENT

I.  THE AMENDED COMPLAINT IS COMPLETELY DEVOID OF FACTUAL ALLEGATIONS AND THEREFORE SHOULD BE DISMISSED.

It is well-established that an amended complaint ordinarily supersedes the original and renders it of no legal effect. International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)(citations omitted).

Plaintiff's Amended Complaint is literally blank. Amended Complaint at 3-4, 7 (§§ "C. Nature of the Case," "D. Cause of Action," "G. Request for Relief"). It is completely devoid of any factual allegation or legal theory. See generally Amended Complaint. Clearly, Plaintiff fails to state a claim upon which relief can be granted. See Huff v. West Haven Bd. of Educ., 10 F. Supp. 2d 117, 124 (D. Conn. 1998)(dismissing Amended Complaint containing only conclusory allegations of discrimination without any factual allegations).

II. PLAINTIFF CANNOT RE-LITIGATE THE CLAIMS SHE LOST AT TRIAL.

Even if the Court decides to consider the contents of the original Complaint, it, too, is completely devoid of factual or legal allegations. The only content of the Complaint can be drawn from the two-page letter attached to the Complaint. In the letter, Plaintiff admits that she lost her Postal job in Connecticut. She complains about the treatment she received at the hands of the defendants, her Postal supervisors. Plaintiff also admits that she challenged her removal and lost. She

complains that the result was not fair.

To the extent that Plaintiff is complaining about her prior Postal employment, her firing, or the conduct of her Postal supervisors, defendants Isabel Lacy, Avalia Elliott (referred to by Plaintiff as "Ertte"), and Anthony Lombardozzi, she is repeating her allegations from the earlier federal action. See EXHIBIT B: Amended Complaint, Plesnik v. Postmaster General, Civ. No. 3:97CV88(PCD).  A litigant who had full opportunity to litigate a matter in a prior action is barred from revisiting the matter by the doctrine of res judicata. Dillard v. Henderson, Postmaster General, 43 F. Supp. 367, 369-70 (S.D.N.Y. 1999). Therefore, Plaintiff cannot re-litigate those earlier events in this action.

III. HAVING ONCE BEEN LEGITIMATELY FIRED BY THE POSTAL SERVICE, PLAINTIFF CANNOT BASE A CAUSE OF ACTION ON HER INABILITY TO BE RE-HIRED.

In the two-page letter attached to the Complaint, Plaintiff complains that she has not been allowed to take a test for future Postal employment in Massachusetts "because of my record in USPS in Connecticut."

Obviously, no cause of action is stated.  Ten years ago Plaintiff was removed from her job in Connecticut and she pursued her challenge to that removal all the way to federal court. There is no colorable claim in Plaintiff's allegation that her past record of having been terminated disqualifies her from

applying for employment with the same employer.

It is both common and reasonably anticipated that any employer would have a policy, written or unwritten, that it does not take back employees fired for misconduct.  Indeed, the application of an employer's no-rehire policy in refusing to rehire an employee who was terminated for violating workplace conduct rules is a "quintessential" legitimate, nondiscriminatory reason for doing so.  Raytheon Co. v. Hernandez, 124 S. Ct. 513, 520 (2003); see EXHIBIT C: Employee and Labor Relations Manual, Issue 17.7., U.S. Postal Service, June 11, 2004 at 38 (requiring high-level approval for re-hiring fired Postal employee), EXHIBIT B: Previous Federal Complaint, ¶¶ 17-21 (Plaintiff terminated after refusing evaluation for fitness for duty).

The alleged wrongfulness of Plaintiff's earlier termination has already been  resolved and rejected in the earlier litigation.  See Section B, above.  Therefore, the termination remains in her employment history.  The alleged advertence by the Postal Service to Plaintiff's unfavorable disciplinary record cannot be the basis of this civil action.

## CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


By:  ANN M. NEVINS
     ASSISTANT UNITED STATES ATTORNEY

For: CAROLYN A. IKARI
     ASSISTANT UNITED STATES ATTORNEY
     450 Main Street, Room 328
     Hartford, Connecticut  06103
     (860) 947-1101
     Federal Bar No. ct13437


**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the within and foregoing has been mailed, postage prepaid, via first-class mail, this 6th day of August, 2004, to:

Octavia E. Plesnik
5 Perth Street, #20
Dorchester, MA 02121


By:  ANN M. NEVINS
     ASSISTANT UNITED STATES ATTORNEY

For: CAROLYN A. IKARI
     ASSISTANT UNITED STATES ATTORNEY