

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

- FILED

OCTAVIA PLESNICK

Mar 3   10 31 AM '00

v.

U.S DISTRICT COURT
Civil No. 3:97CV00086 (PCD)

MARVIN T. RUNYON, POSTMASTER
GENERAL, UNITED STATES POSTAL SERVICE

## J U D G M E N T

This matter came on for trial before a jury and the Honorable Peter C. Dorsey,

Senior United States District Judge. On November 13, 1998, after deliberation, the jury

returned a verdict for the defendant, Marvin T. Runyon, Postmaster General, of the United

States Postal Service on the discrimination claim based on disability.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED that judgment is

entered for the defendant, Marvin T. Runyon, Postmaster General of the United States

Postal Service.

Dated at New Haven, Connecticut, this 2nd day of March, 2000.

KEVIN F. ROWE, Clerk
By

Patricia A. Villano

Patricia A. Villano
Deputy Clerk

EOD: 3/3/00

EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OCTAVIA PLESNIK | : | NO. 3:97CV88(PCD) |
| V. | : | JURY TRIAL DEMANDED |
| MARVIN T. RUNYON,<br>POSTMASTER GENERAL<br>UNITED STATES POSTAL SERVICE | : <br><br> : | JUNE **12**, 1997 |

**FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND**

Now comes Plaintiff Octavia Plesnik, by her attorneys,
Rosenstein & Barnes, and makes the following for her first
amended complaint. A jury trial is demanded.

PRELIMINARY STATEMENT

1.    This is an action by an older African-American employee
who is profoundly hearing-impaired to recover damages for age,
race and disability discrimination from the United States Postal
Service, and Marvin Runyon, Postmaster General, under Section 504
of the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sec. 794
("Rehabilitation Act"), under the Age Discrimination in
Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. Secs. 621,
et seq., under Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. Sections 2000e, et seq., ("Title VII"); and
under 42 U.S.C. Secs. 1981, 1981A and 1988.

EXHIBIT B

## PARTIES, JURISDICTION & VENUE

2. Plaintiff is a resident of Bridgeport, Connecticut. Her date of birth is June 15, 1942.

3. Defendant Marvin T. Runyon, Postmaster General is the agent for Defendant United States Postal Service which is an agency of the United States of America.

4. Subject matter jurisdiction over Plaintiff's claims is based on 28 U.S.C. Sec. 1343, 29 U.S.C. Sec. 626(d), 29 U.S.C. Sec. 794a, 28 U.S.C. Sec. 1132 (e)(2), 42 U.S.C. Secs. 1981, 1981A and 1988, and 42 U.S.C. Sec. 2000e-5(f)(1).

5. Venue is proper under all of the above substantive statutes and under 28 U.S.C. Sec. 1391 because the events giving rise to Plaintiff's claims occurred in District of Connecticut and she resides in that district.

## FACTUAL BASIS FOR THE CLAIM

6. Plaintiff is a African American female who has worked for the U.S. Post Office for 27 years. Plaintiff was born in 1942.

7. Plaintiff is profoundly hearing impaired.

8. On or about February 18, 1994, Plaintiff was notified by her supervisor, Isabel Lacy, that she had received approval for a job bid in Massachusetts.

9. Because of an incident that occurred between Plaintiff

2

and her supervisor on that same day, Plaintiff was placed on administrative leave by a white person, Anthony Lombardozzi, Manager of District Operations, T-2, CT District, United States Postal Service. Ms. Lacy was equally if not more at fault for the incident but was not disciplined.

10. On information and belief Plaintiff was placed on administrative leave because she was a proud African-American (perceived by a white person as arrogant or feisty), an older woman (perceived by others as one who should be deferential to all authority) and because her inability to speak clearly, and to hear what she and others said, due to her profound hearing impairment, had fostered a false belief or perception that she was dangerously mentally unstable. On information and belief Defendants acted in the mistaken belief that Plaintiff had a serious mental condition and that as a result she posed a direct threat to herself or others. In reality there was no basis for this belief. Plaintiff did not have a serious mental condition and her mental and emotional condition did not pose a direct threat to herself or others that could not be eliminated or reduced by reasonable accommodation.

11. Plaintiff remained on administrative leave for an unreasonably long time. She heard nothing from the United States Postal Service until August 5, 1994, when she received a

3

certified letter from Melissa Dube, Occupational Health Nurse Administrator, CT District, which scheduled a Fitness for Duty Exam to obtain a current assessment of Plaintiff's (mental) condition. Such an examination was not needed. Plaintiff did not have a serious mental condition and her emotional condition did not pose a direct threat that could not be eliminated or substantially reduced by reasonable accommodation.

12. On November 5, 1994, Plaintiff received another letter from Ms. Dube scheduling a follow-up Fitness For Duty Exam, including a psychological evaluation.

13. Plaintiff was twice seen by a United States Postal Service psychologist. Each time an United States Postal Service interpreter in sign language was present.

14. On January 3, 1995, Plaintiff was notified by Defendants that she had not been not cleared to return to duty. Plaintiff was told that she had been assessed by the psychologist as "not ... psychologically stable to return to work."

15. The United States Postal Service evaluations were entirely defective and unreliable. On information and belief the person performing the examination had no experience with Fitness For Duty examinations of persons with profound hearing impairments, did not speak American Sign Language and thus could not communicate with persons with profound hearing impairments

4

in their primary language, and had insufficient experience with individuals with profound hearing impairments to be able to separate the personality characteristics individual to Plaintiff from those common to persons with serious or profound hearing impairments as a group. On information and belief the person(s) conducting the examinations confused communications characteristics common to all individuals with serious hearing impairments as a group as characteristics individual to Plaintiff, and further misinterpreted those characteristics, not as natural features of Plaintiff's disability, but as indications of serious mental instability on the part of Plaintiff.

16. On June 3, 1995, Plaintiff was evaluated by a psychologist fluent in American Sign Language with experience treating and evaluating persons with serious hearing impairments. This psychologist, Dr. Rightmer, concluded that Plaintiff did not have any serious mental problems and recommended that she be allowed to return to work. A copy of Dr. Rightmer's report was forwarded to the United States Postal Service.

17. Defendants acknowledged clear disagreement between the findings of Dr. Rightmer, Plaintiff's psychologist, and those of the prior examinations. Although Dr. Rightmer's credentials and analysis were clearly superior, Defendants failed and refused to return Plaintiff to work. Instead it proposed reevaluating  ·

5

Plaintiff with a chosen Board Certified Specialist.   That
decision would be final as to Plaintiff's condition and ability
to return to work.

19.   Plaintiff might have agreed to this procedure if the
physicians on the list had been shown to be proficient in
American Sign Language and to have had experience with, and
credentials in, working with individuals with serious hearing
impairments. Unfortunately, the physicians were not shown to have
these credentials, creating the risk that they would repeat the
errors of the earlier examinations conducted for the employer.

20.   Plaintiff had filed several prior equal employment
opportunity complaints with the Postal Service that related to
Plaintiff's race and profound hearing impairment.   Plaintiff,
wary due to her past experience with the United States Postal
Service, rejected the proposal.

21.   Plaintiff was sent by Defendants a notice of
termination on August 3, 1996, removing her from her employment
with the United States Postal Service, effective September 21,
1996.

## ADMINISTRATIVE PROCEEDINGS

22.   Defendant Marvin T. Runyon, Postmaster General is the
agent of Defendant United States Postal Service which is an

6

agency of the United States Government within the meaning of the Rehabilitation Act, Title VII and the ADEA. On information and belief Defendants engage in an industry affecting commerce and employ over ten thousand people.

23.  Plaintiff is an individual person employed by an employer who is aggrieved by the conduct of Defendants, within the meaning of the Rehabilitation Act, Title VII and the ADEA.

24.  On or about July 18, 1995, Plaintiff filed an EEO Investigative Affidavit of discrimination against Defendants.

25.  This action is brought within ninety days of receipt of the Postal Service's final decision.

### COUNT ONE:
### DISCRIMINATION AGAINST A
### QUALIFIED INDIVIDUAL WITH A DISABILITY
### IN VIOLATION OF THE REHABILITATION ACT

26.  Plaintiff was and is a qualified individual with a disability within the meaning of the Rehabilitation Act.

27.  By the conduct described above Defendants discriminated and continue to discriminate against Plaintiff on account of the disability or disabilities of Plaintiff, with regard to the terms, conditions and privileges of employment, by failing to make reasonable accommodations to the known limitations of Plaintiff and by denying employment opportunities to Plaintiff, and have discriminated against Plaintiff due to the perception that she has a disability or disabilities, and have refused to

7

make reasonable accommodations for Plaintiff, all in violation of
the Rehabilitation Act.

28.   By the conduct described above Defendants retaliated
against Plaintiff for claiming her rights under laws prohibiting
discrimination, and coerced, intimidated, threatened and
interfered with Plaintiff's exercise of her rights, in violation
of the Rehabilitation Act.

29.   As a result of such wrongful conduct, Plaintiff has
suffered loss of training, loss of opportunity for advancement,
loss of job, loss of pay and benefits, loss of overtime and loss
of seniority.   Plaintiff has also suffered and on information and
belief will suffer in the future other monetary losses, including
without limitation financial reverses caused by loss of a secure
income from Defendant, and furthermore emotional pain, suffering,
inconvenience, mental anguish and loss of enjoyment of life.

30.   On information and belief Defendants acted with malice
or reckless indifference to Plaintiff's federally protected
rights.

## COUNT TWO:
## INTENTIONAL DISCRIMINATION ON THE
## BASIS OF RACE IN VIOLATION OF TITLE VII

31.   By the conduct described above Defendants discriminated
against Plaintiff with respect to her employment because of her
race, in violation of Title VII.

8

32.   As a result of such discrimination Plaintiff suffered loss of a position, with loss of pay and benefits, and loss of a job, with loss of pay and other benefits. Plaintiff also suffered other monetary losses and furthermore emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

33.   On information and belief Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT THREE:
## INTENTIONAL DISCRIMINATION
## ON THE BASIS OF RACE IN VIOLATION
## OF 42 U.S.C. Secs. 1981, 1981A & 1988

34.   The failure to reinstate Plaintiff to her former position and the termination of her employment, was based on prejudice against Plaintiff on account of her race.

35.   By the conduct described above Defendants interfered with the right of Plaintiff to make and enforce contracts in violation of 42 U.S.C. Sec. 1981.

36.   On information and belief said conduct was wilful and intentional.

37.   As a direct and proximate result of said conduct Plaintiff has been damaged. Plaintiff suffered loss of a position, with loss of pay and benefits, and loss of her job, with loss of pay and other benefits. Plaintiff also suffered other monetary losses and furthermore emotional pain, suffering,

9

inconvenience, mental anguish and loss of enjoyment of life.

38.   On information and belief Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights.

## COUNT FOUR:
### VIOLATION OF THE
### AGE DISCRIMINATION IN EMPLOYMENT ACT

39.   Because age was a motivating factor and made a difference in the decision to terminate Plaintiff, Defendants violated the ADEA.

40.   On information and belief Defendants acted with knowing or reckless disregard of the prescriptions of the ADEA.

41.   As a direct and proximate result of said violation of the ADEA, Plaintiff lost her job and suffered loss of pay and benefits. Plaintiff has also suffered and on information and belief will suffer in the future other monetary losses and furthermore emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

10

THE PLAINTIFF
OCTAVIA PLESNIK

BY:

WILLIAM B. BARNES, ESQ.
Rosenstein & Barnes
1100 Kings Hwy. East,
Fairfield, CT 06430
Tel (203) 367-79220
USDC Bar No. CT00268

12