UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| OCTAVIA PLESNIK,<br>　　　　Plaintiff,<br>v.<br>UNITED STATES POSTAL<br>SERVICE, ET AL.,<br>　　　　Defendants. | :<br>: 　CIVIL ACTION NO.<br>: 　3:02-CV-2243 (JCH)<br>:<br>:<br>:<br>: 　AUGUST 26, 2004<br>:<br>: |

**RULING ON PLAINTIFF'S MOTION FOR APPOINTMENT
OF COUNSEL [DKT. NO. 9]**

　　The pro se plaintiff, Octavia Plesnik ("Plesnik"), brings this, her second, motion for appointment of counsel. See Ruling (Dkt. No. 5). Plesnik's Complaint in the above-captioned action was docketed on December 18, 2002. Her Amended Complaint is devoid of any allegations. (Dkt. No. 11). Although it is difficult to determine what legal theory would support her claims, her original Complaint (Dkt. No. 2) potentially alleged violations of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., by the United States Postal Service and several individual supervisors. Plesnik alleges that she was wrongfully terminated from her job at the Postal Service because of her disability or as a result of other illegal discrimination.

　　As the court explained in its Ruling denying plaintiff's first Motion for Appointment of Counsel, the Second Circuit has cautioned against the "routine appointment of counsel" and has stressed the importance of requiring an indigent to "pass the test of likely merit." Cooper v. Sargenti, 877 F.2d 170, 173-74 (2d Cir. 1989). This threshold

question asks whether "the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). If the plaintiff advances a substantial claim, the court

> should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61-62.

After considering these factors, the court finds that appointment of counsel is premature. Plesnik's claim is a disparate treatment claim brought under Title VII and the Americans with Disabilities Act. An employment discrimination claim is not so inherently complex as to require the appointment of counsel per se. See Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 174 (2d Cir. 1989) (denying appointment of counsel in employment discrimination case). Given that the defendants have only recently been served and filed a Motion to Dismiss, it is too early in the proceedings for the court to determine if her claims are of substance or if any of the factors militating towards the appointment of counsel, as outlined above, will be present in this action.

Therefore, plaintiff's motion for appointment of counsel [Dkt. No. 9] is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 26th day of August, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge