UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OCTAVIA PLESNIK                          :
       Plaintiff                        :
                               :
                               :     CIVIL ACTION NO.
v.                                       :     3-02-cv-2243 (JCH)
                               :
ISBELLA LACY, ET AL                      :     OCTOBER 29, 2004
       Defendants                       :

### RULING RE: MOTION TO DISMISS [DKT. NO. 16]

On August 6, 2004, the defendants moved to dismiss the plaintiff's lawsuit.

Although the defendant served a notice upon the plaintiff in accordance with the Local

Rules, the plaintiff has not filed anything in opposition to the Motion to date. For the

reasons set forth below, the court grants the Motion and dismisses this case.

### I.     BACKGROUND

This lawsuit was commenced on December 18, 2002, when the Complaint was

docketed after the granting of the plaintiff's Motion to Proceed In Forma Pauperis. The

original Complaint filed by the plaintiff was prepared on a "Civil Rights Complaint" form

provided for pro se litigants. In that form, there is a section, "C. Nature of the Case."

The plaintiff left that section blank. There is another section, "D. Cause of Action,"

which includes a section for setting forth supporting facts. The plaintiff left that section

blank. Finally, in section "G. Request for Relief," the plaintiff also left that section

blank. Attached to the Complaint form is a letter dated August 12, 2002 to an EEOC

officer, in which letter the plaintiff requests help because she wishes to continue work

with the U.S. Postal Service ("USPS"). In that letter, she alleges that after losing her job

and moving from Connecticut to Massachusetts, she "wanted to take a postal test for the job opening in USPS Massachusetts, but I was denied because of my record in USPS in Connecticut."  The plaintiff asks for financial assistance in connection with medical needs due to an old on-the-job injury, and for help in obtaining opportunity to work for the USPS in the Boston area.

On September 10, 2003, this court issued an Order to Show Cause [Dkt. No. 6] to the plaintiff as to why this action should not be dismissed for failure to prosecute. The court specifically noted that there had been no service made.  The plaintiff failed to respond to the order to show cause by the date indicated, and this court subsequently dismissed the Complaint and ordered the case closed [Dkt. No. 7].

Subsequently, the plaintiff, after contacting the court and getting assistance from the pro se clerks, filed a "Motion to Reopen." [Dkt. No. 8]  The court granted the Motion but noted that the plaintiff had not complied with its earlier Order requiring evidence of service, and conditioned its grant of the Motion to Reopen upon the plaintiff filing proof of service.  Eventually, on September 1, 2004, an executed summons was returned as to the USPS.  The case had previously been reopened.  The defendants then filed a Motion to Dismiss.

The plaintiff had filed an Amended Complaint on May 12, 2004.  That Amended Complaint similarly fails to set forth anything under the nature of her case, her claims for relief and supporting facts thereof, and request of relief sought.

Even taking both Complaints together, they do not set forth any basis upon which the plaintiff has stated a claim for relief.  In no way can the defendants be said to

be "on notice" as required under Fed.R.Civ.P. 8.  Therefore, the court grants the defendants' Motion to Dismiss.  Given that the plaintiff is <u>pro se</u>, the court gives the plaintiff 30 days to file an Amended Complaint setting forth a claim.  However, she must attach the proposed Amended Complaint to a Motion to Reopen.  If the Amended Complaint fails to set forth a basis for a claim, the court will deny the Motion to Reopen.  The court wishes to warn the plaintiff that she cannot re-litigate issues that have been previously pressed, tried and lost before the court in New Haven in the earlier case of <u>Plesnik v. Runyon</u>, 3:97-cv-88(PCD).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of October, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge